PeR Curiam.
It seems that the estate of Joseph Harrison, deceased, was reported insolvent. Commissioners of insolvency *588 were appointed, and their commission was extended from time to time, until March term, 1841, of the probate court, when the commission was re-opened for six months. At September, 1841, the commissioners made their report, containing an account of the several claims which had been presented, with the amount allowed on each claim. The report was received, allowed, and ordered to be recorded. At the June term, 1843, of the court, the defendants in error presented a petition, stating that they were the holders and owners of a judgment for the sum of >$717, .rendered at the October term, 1842, of the circuit court of Warren county, against the administrator of Joseph Harrison; that they had never had an opportunity to present their claim ito the commissioners of insolvency, and therefore prayed that commissioners might be appointed to act upon the same. The court granted the petition and appointed commissioners, to which the. administrator excepted, and when the last commissioners reported, he brought his writ of error.
Commissioners of insolvency were first appointed at November term, 1838, and by several orders of court the commission was'kept open until September term, 1841. When the report was received and recorded, it became the judgment of the court, and settled the rights of the several claimants. By the eightieth section of the probate court law, the court is authorized to allow creditors six months, or such further time as may be necessary, not exceeding eighteen months, to present their claims. This time must be computed from the time the commission is opened of course. If the commissioners fail to make their report within -the limited time, the eighty-fourth section authorizes, the court to make new appointments, or to extend the time. The time was extended in this instance, so as to cover a period of near three years, and it was the duty of all creditors to present their claims before the final report. If any creditor fail to make out his claim whilst the commission is open, it is barred by the eightieth section. It seems that the judgment of the defendants in error was not obtained until after the commission was closed. The record does not inform us how the suit happened to be prosecuted against an insolvent estate. It was the duty of the *589 defendants in error to have presented the claim on which the judgment was founded. Indeed, no reason is shown why it was not done. The report of the commissioners was a final adjustment of the estate. If the court could open the commission under such circumstances as this record presents, litigation would be interminable. Addison v. Eldridge, 1 S. & M. 510.
Judgment reversed.